IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 5, 2002

## STATE OF TENNESSEE v. ROBERT JOHNSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 00-03786     J.C. McLin, Judge**

---

**No. W2001-02611-CCA-R3-CD  - Filed March 21, 2003**

---

The appellant, Robert Johnson, was found guilty in the Shelby County Criminal Court of forgery and was sentenced to six years incarceration.  On appeal, the appellant contests evidentiary rulings of the trial court and the sufficiency of the evidence supporting his conviction.  Concluding that the appellant's arguments have no merit, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Robert Little, Memphis, Tennessee, for the appellant, Robert Johnson.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Stephen P. Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On August 1, 2001, at the appellant's trial, the State presented the testimony of Daryl Wells, the proprietor of J.B. Liquor.  On December 9, 1998, the appellant came into J.B. Liquor to cash a payroll check.  The check identified the payor as Tap House Bar and Grill and the payee as Robert Johnson.  The check was signed "Chip Brestle."  Wells obtained photographic identification from the appellant and confirmed that the picture on the identification matched the appellant.  The name on the identification was "Robert Leon Johnson."  Wells informed the appellant that he needed to verify the accuracy of the check by locating the telephone number for the Tap House Bar and Grill and confirming that the appellant should be paid.  Because J.B. Liquor had incurred problems with handwritten business checks, Wells always checked the telephone book to confirm the telephone number for the purported business.  The appellant told Wells that he had a business card in his car

with the telephone number on it. The appellant left the liquor store, ostensibly to obtain the business card.

Meanwhile, Wells discovered the telephone number of the business in the telephone book. He called the business and spoke with Chip Bruestle, the manager of the Tap House Bar and Grill. Bruestle informed Wells that the check presented by the appellant was stolen. During the conversation, the appellant came back into the liquor store but quickly "scooted" out again, leaving his identification. The appellant entered a gray vehicle and backed away from the business. Because the appellant backed away, Wells was unable to obtain a tag number from the vehicle. Wells called the police and informed them of the stolen check. Less than half an hour later, the police came to J.B. Liquor and obtained the appellant's identification and the check.

Two days later, the police showed Wells a photospread. From this array, Wells identified the appellant as the perpetrator. At trial, the State asked the appellant to stand so Wells could confirm his identification of the appellant. Wells again asserted that the appellant was the individual who attempted to cash the check.

Next, Hallet Michael Bruestle, the manager and owner of the Tap House Bar and Grill, testified at trial. Bruestle stated that his nickname is "Chip." Bruestle testified that in December 1998, either he or his partner, Dennis Allen, wrote all of the checks relating to the business. Specifically, Bruestle handled the payroll checks with Allen writing the checks for most of the remaining bills. Bruestle explained that the business checks were drawn on an account at First Tennessee Bank.

On December 9, 1998, Bruestle received a telephone call from Wells. Wells wanted to verify that he should cash a check presumably issued by the Tap House Bar and Grill to the appellant. Bruestle informed Wells that he had no employee by the appellant's name. Bruestle examined the business checkbook and discovered that three checks were missing, including the one held by Wells. Bruestle also confirmed that Allen had not issued the check. Accordingly, Bruestle advised Wells that the check had been stolen from the business and requested that Wells call the police.

At trial, Bruestle examined the check that the appellant had attempted to cash. Bruestle maintained that the signature on the check was not his. Specifically, Bruestle noted that he always signs his business checks "H.M. Bruestle." Moreover, Bruestle's last name was misspelled on the check. Bruestle acknowledged that he did not know who had stolen the checks. He additionally conceded that the other two missing checks were made out to another individual, Leia Hudson.

At the end of the State's proof, the appellant moved for entry of a judgment of acquittal, which motion the trial court denied. The appellant chose not to put on proof. The jury found the appellant guilty of forgery, with the amount of the forged instrument being under five hundred dollars ($500). The trial court, acting as thirteenth juror, affirmed the appellant's conviction

and sentenced the appellant as a career offender to six years incarceration.  On appeal, the appellant argues that the trial court erred in curtailing the appellant's presentation of proof and contends that there was insufficient evidence supporting his conviction.

## II.  Analysis
### A.  Evidentiary Issues

The appellant raises two issues concerning his presentation of proof, both of which concern the relevance of the proffered evidence.  Tennessee Rule of Evidence 402 provides that "[a]ll relevant evidence is admissible except as [otherwise] provided. . . .  Evidence which is not relevant is not admissible."  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Tenn. R. Evid. 401; see also State v. Kennedy, 7 S.W.3d 58, 68 (Tenn. Crim. App. 1999).  It is within the trial court's discretion to determine whether the proffered evidence is relevant; thus, we will not overturn the trial court's decision absent an abuse of discretion.  State v. Forbes, 918 S.W.2d 431, 449 (Tenn. Crim. App. 1995).

The appellant's first complaint is that "[t]he trial court erred when it refused to permit [the appellant] to . . . show that the State dismissed a prosecution for making a forged check."  In the instant case, the appellant was originally indicted on two counts.  Count one charged the appellant with forgery by making the check without authorization.  Tenn. Code Ann. § 39-14-114(a) and (b)(1)(A)(i) (1997).[1]  On count two, the appellant was specifically charged with "unlawfully, knowingly, and with intent to defraud First Tennessee Bank of the sum of $330.25 Dollars utter unto the said Daryl Wells a certain paper . . . so that the said paper writing purported to bear a signature not authorized as a drawer in violation of T.C.A. 39-14-114."  In other words, count two charged the appellant with forgery by uttering a forged writing.  See Tenn. Code Ann. § 39-14-114(b)(1)(C).

On July 31, 2001, immediately prior to trial, the State informed the trial court that, due to scheduling conflicts, the State would not be able to present the testimony of a handwriting expert in support of count one.  "[I]n order to clean up the trial," the State dismissed count one, the forgery count, and proceeded solely on count two, the "uttering" count.  Both the appellant and the trial court agreed to this course of action.  The trial court observed that "[a]ny argument as to whether or not [the appellant] forged the instrument is irrelevant at this point."  The court then swore in the jury and continued the trial the following day.

On August 1, 2001, the appellant raised the issue of whether he could present proof regarding the State's dismissal of count one.  The appellant argued that
> [i]f for example my defense is . . . that the person who uttered this
> check is the person who made this check and the state has made a
> determination that they're not going to proceed against [me] for

---

[1] The indictment charging the appellant on count one was not included in the record on appeal.  However, from the trial transcript we have been able to discern the nature of the charges on count one.

making this check, then it's relevant, I think, for the jury to hear the
state has decided not to proceed against [me] in making this check.

The State responded, "[T]he fact that the state dismissed Count 1 has no relevance whatsoever to whether or not [the appellant] passed that check that had been made by whoever on the day in question." The trial court agreed, stating that "whether or not [the State] chose in their discretion to dismiss Count 1, it's not relevant. It still doesn't make Count 2 more or less probable." We agree with the trial court. The State's decision not to prosecute the appellant on count one had no bearing on whether the appellant was guilty of count two. See State v. Wooden, 658 S.W.2d 553, 558 (Tenn. Crim. App. 1983); State v. Clyde Hambrick, Jr., No. E1998-0893-CCA-R3-CD, 2000 WL 823467, at *8 (Tenn. Crim. App. at Knoxville, June 27, 2000). Thus, the trial court did not abuse its discretion by determining that the proffered evidence was irrelevant. This issue is without merit.

Additionally, the appellant argues that the trial court erred in failing to allow him to present proof that he was not arrested for the theft of the checks. We note that "[s]o long as the prosecutor has probable cause to believe that the accused committed an offense, the decision whether to prosecute, and what charge to bring before a grand jury, generally rests entirely in the discretion of the prosecutor." State v. Lunati, 665 S.W.2d 739, 746 (Tenn. Crim. App. 1983); see also State v. Penley, 67 S.W.3d 828, 832 (Tenn. Crim. App. 2001). In other words, "[t]he prosecutor's discretion about whom to prosecute and to what extent they should be prosecuted . . . is vast and to a large degree, not subject to meaningful review." State v. Culbreath, 30 S.W.3d 309, 316 (Tenn. 2000). The fact that the State has elected not to proceed on one charge does not make it more or less probable that the accused committed the charged offense. See Tenn. R. Evid. 401. As the trial court correctly found, this evidence was irrelevant to count two. Moreover, the appellant was able to cross-examine Bruestle on whether he could identify the individual who stole the checks. Bruestle admitted that he did not know who stole the checks. This issue is likewise without merit.

## B. Sufficiency of the Evidence

Initially, we note that the appellant has phrased his final argument in three separate ways: (1) whether the trial court erred in not granting a judgment of acquittal at the close of the State's case; (2) whether the trial court erred by approving the jury's verdict while acting as thirteenth juror; and (3) whether the evidence is sufficient to support the appellant's conviction. This court has observed that once the trial court has approved the verdict as the thirteenth juror, as it has in this case, our appellate review is then limited to determining the sufficiency of the evidence. See State v. Burlison, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Moreover, "[t]he standard by which the trial court determines a motion for judgment of acquittal at the end of all the proof is, in essence, the same standard which applies on appeal in determining the sufficiency of the evidence after a conviction." State v. Thompson, 88 S.W.3d 611, 614-15 (Tenn. Crim. App. 2000). Therefore, we will address the appellant's complaint as a challenge to the sufficiency of the evidence.

When an accused challenges the sufficiency of the evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.

Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). In its review of the evidence, an appellate court must afford the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000).

As we earlier stated, count two of the indictment against the appellant alleged that he "unlawfully, knowingly, and with intent to defraud First Tennessee Bank of the sum of $330.25 Dollars utter unto the said Daryl Wells a certain paper . . . so that the said paper writing purported to bear a signature not authorized as a drawer in violation of T.C.A. 39-14-114." See Tenn. Code Ann. § 39-14-114(b)(1)(C). The State presented proof that the payor of the check was Tap House Bar and Grill. The check was drawn on an account at First Tennessee Bank. Wells conclusively identified the appellant as the individual who came into the liquor store and asked Wells to cash the check. Wells confirmed that the picture on the identification was a picture of the appellant. The name on the identification was "Robert Leon Johnson" and the check was made payable to "Robert Johnson." Wells also asserted that the appellant left hurriedly when Wells attempted to verify the check. Bruestle testified that the appellant was not an employee of the Tap House Bar and Grill and was not authorized to have the check. This evidence is sufficient to sustain the appellant's conviction. See State v. McDowell, 664 S.W.2d 310, 313 (Tenn. Crim. App. 1983).

The appellant argues that Wells' identification of the appellant was questionable. However, it is well-established that the jury, as the trier of fact, determines the weight of the evidence and the credibility of the witnesses. See State v. Jefferson, 938 S.W.2d 1, 8 (Tenn. Crim. App. 1996). The appellant is not entitled to relief on this issue.

### III.  Conclusion
Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE